United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMON Y. KWONG AND SUZANNE Y. KWONG, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., AS TRUSTEE FOR CERTIFICATE HOLDERS OF BANC OF AMERICA FUNDING CORPORATION MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-E, <br><br> Defendants. | Case No.: 12-CV-01362-LHK <br><br> ORDER DISMISSING CASE WITHOUT PREJUDICE |

Plaintiffs Simon Y. Kwong and Suzanne Y. Kwong ("Plaintiffs") filed their complaint on March 19, 2012. ECF No. 1. According to Michael Yesk, the attorney of record, on June 29, 2012, Plaintiffs notified Mr. Yesk via email that Plaintiffs wanted to terminate Mr. Yesk's employment and to hire a new attorney. Consequently, on August 29, 2012, Mr. Yesk filed a Motion to Withdraw as Attorney. ECF No. 24. According to Mr. Yesk, on August 30, 2012, Plaintiffs again contacted Mr. Yesk and informed him that Plaintiffs no longer had substitute counsel and wanted Mr. Yesk's services. According to Mr. Yesk, on November 27, 2012, Mr. Yesk contacted Plaintiffs and reminded them to appear at the November 29, 2012 hearing on Mr. Yesk's Motion to Withdraw as Attorney. Despite this reminder, Plaintiffs failed to appear at the November 29, 2012 hearing.

1

Case No.: 12-CV-01362-LHK
ORDER DISMISSING CASE WITHOUT PREJUDICE

At the hearing Mr. Yesk represented that he had not provided assistance to Plaintiffs to find new counsel. Accordingly, the Court ordered that by December 7, 2012, Mr. Yesk file a declaration: (1) affirming that he had referred Plaintiffs to the Federal Legal Assistance Self-Help Center ("FLASH") for legal assistance (408-297-1480); and (2) explaining the steps he had taken to assist Plaintiffs in finding new legal representation. The Court continued the hearing on Mr. Yesk's Motion to Withdraw as Attorney to December 13, 2012 at 1:30 p.m. and ordered that Mr. Yesk and Plaintiffs attend the hearing in person.

On November 29, 2012, the Court also issued an Order to Show Cause why this case should not be dismissed with prejudice for failure to prosecute. The Court ordered Plaintiffs to: (1) respond to the Order to Show Cause by reaffirming their interest in prosecuting this case and explaining the status of their legal representation by December 10, 2012; (2) appear at the Order to Show Cause hearing on December 13, 2012 at 1:30 p.m.; and (3) file a Consent or Declination to Proceed Before a Magistrate Judge by December 7, 2012. The Order to Show Cause notified Plaintiffs that their failure to respond to the Order to Show Cause and to appear at the December 13, 2012 hearing would result in dismissal of their case with prejudice for failure to prosecute.

On December 11, 2012, Mr. Yesk filed a withdrawal of his motion to be relieved as counsel. ECF No. 36. However, because Plaintiffs had failed to respond to the Order to Show Cause by December 10, 2012 as ordered, and failed to file a Consent or Declination to Proceed Before a Magistrate Judge by December 7, 2012 as ordered, and because Mr. Yesk had failed to file a declaration by December 7, 2012 as ordered, the Court, on December 12, 2012, issued an Order stating that the withdrawal did not obviate the need for Mr. Yesk and Plaintiffs to appear for the December 13, 2012 hearing on the Order to Show Cause. The Court explained that consistent with the Order to Show Cause, Plaintiffs and Mr. Yesk were required to appear personally at the hearing on December 13, 2012 at 1:30 p.m., and that failure to appear would result in dismissal of this case with prejudice for failure to prosecute. ECF No. 37.

Neither Plaintiffs nor Mr. Yesk appeared at the December 13, 2012 hearing. Moreover, Plaintiffs never filed a response to the Order to Show Cause, or a consent or declination to proceed before a Magistrate Judge. Accordingly, the Court DISMISSES this case. However, in an

abundance of caution, in the event that Mr. Yesk did not clearly communicate the Court's Orders to his clients, the dismissal is without prejudice.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 13, 2012

_____
LUCY H. KOH
United States District Judge